IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| STANLEY JONES, BLACK SPICE FARMS, INC., BRITT JONES, INC., HOGBACK FARM, INC., J-CO FARMS, NORTH 40 FARMS, INC., S&W FARMS, SIB FARMS, T&W FARMS, and SLOUGH FARMS, INC., individually and on behalf of all those similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>CORTEVA, INC. and CORTEVA AGRISCIENCE LLC,<br><br>   Defendants. | Case No.: 3:3:21-cv-237-DPM |

## AMENDED STIPULATED GENERAL PROTECTIVE ORDER

### SCOPE

1. The protections conferred by this Order cover the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admissions, responses to requests for production of documents, initial disclosures, and other written, recorded, computerized, electronic, and graphic matter produced by any party or non-party (a "Producing Party") in the above-styled case (the "Action") and to all copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter, which are themselves deemed to constitute confidential matter of the same type whether or not so marked or designated (collectively "Discovery Material").

### DESIGNATING PROTECTED DISCOVERY MATERIAL

2. Any Producing Party may designate as "Confidential" part or all of Discovery

Material that the Producing Party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security, or customer information, including, but not limited to, non-public research, sales, pricing, margins, marketing, customer, manufacturing, distribution, or other commercially sensitive information in accordance with Rule 26(c). This designation shall apply regardless of the form in which the Confidential Discovery Material is kept or maintained. The fact that any Discovery Material has been designated by a Producing Party as "Confidential" shall not be construed as creating any presumption as to the confidentiality of the information in the event of a dispute about the designation.

3. Any Producing Party may designate as "Highly Confidential" any Confidential Discovery Material the disclosure of which the Producing Party believes in good faith would create a serious risk of monetary or non-monetary injury or breach of security or customer privacy or personal privacy, and, therefore, warrants the additional protection afforded under this Order for Highly Confidential Discovery Material. This designation shall apply regardless of the form in which the Highly Confidential Discovery Material is kept or maintained. The fact that any Discovery Material has been designated by a Producing Party as "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of the information in the event of a motion challenging the confidentiality designation. Information such as Social Security Numbers, Tax Identification Numbers, Driver's License Numbers, and sensitive individual financial information unrelated to damages may be redacted from production.

4. If different versions of the same Discovery Material are designated inconsistently, all versions of the same Discovery Material will be afforded the highest level of confidentiality (i.e., if one produced version of a document is designated "Confidential" and another produced version of the same document is designated "Highly Confidential," the parties will treat both versions of the document as if they had both been designated "Highly Confidential").

5. A Producing Party designating Discovery Material as "Confidential" or "Highly Confidential" shall make a good faith determination that any Discovery Material designated as "Confidential" or "Highly Confidential" warrants protection under this Order. Designations of Discovery Material as "Confidential" or "Highly Confidential" must be made only when there is good cause. Confidential Discovery Material shall be labeled "CONFIDENTIAL" and Highly Confidential Discovery Material shall be labeled "HIGHLY CONFIDENTIAL." Either designation shall subject Discovery Material to the confidentiality requirements of this Order without any further act on the part of the Producing Party.

6. Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential or Highly Confidential Discovery Material shall also be treated as Confidential or Highly Confidential Discovery Material pursuant to this Order.

7. Deposition testimony, deposition transcripts, and video recordings of depositions in this Action shall be treated as Highly Confidential for a period of thirty days after receipt of the certified final transcript from the designated court reporter, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential or Highly Confidential portions. A party or non-party to this Action may designate in writing, within thirty days after receipt of the certified final transcript from the designated court reporter, those pages and lines of the transcript or portions of the recording to be treated as Confidential or Highly Confidential. A party or non-party to this Action may also designate Discovery Material disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record during the deposition. Any Discovery Material

shown or used in any way during a deposition that has already been designated as Confidential or Highly Confidential does not need to be re-designated as such. All deposition testimony concerning Discovery Material that has already been designated as Confidential or Highly Confidential is automatically designated at the same level as the Discovery Material. Any party to this Action may, but need not, object to the designation on the record. After any designation made according to the procedure set forth in this Paragraph, the designated Discovery Material shall be treated according to the designation unless and until any dispute is resolved according to the procedures described in Paragraph 15 below.

8. A party may designate Discovery Material produced by a non-party as Confidential or Highly Confidential by providing written notice to all parties of the relevant Bates numbers or other identification within sixty days after receiving the Discovery Material. All Discovery Material produced by a non-party will be treated as Highly Confidential during this period. Discovery Material so designated shall be produced with "Confidential" or "Highly Confidential" placed thereon in a clear and consistent manner. Discovery Material that is designated after the initial production shall be re-produced with the appropriate designation within seven days of such designation.

9. Inadvertent production of or failure to designate any Discovery Material as Confidential or Highly Confidential shall not be deemed a waiver of any party's or non-party's claim of confidentiality as to the Discovery Material, and any party or non-party may thereafter designate the Discovery Material as Confidential or Highly Confidential within thirty days of the discovery of the inadvertent production or failure to designate.

**DISCLOSURE AND USE OF PROTECTED DISCOVERY MATERIAL**

10. All Discovery Material produced or exchanged in the course of this Action shall be used solely for purposes of prosecuting or defending this Action and not for any other business

purpose, personal purpose, or other purpose whatsoever, and it may be disclosed only under the circumstances and to the persons specifically provided for in this Order or subsequent Court Orders, unless the Producing Party consents in writing otherwise.

11. Absent the prior written consent of all parties in this Action, or upon prior Order of this Court obtained following notice to opposing counsel, Confidential Discovery Material (including any copies of, notes made from, or information contained in Confidential Discovery Material) shall only be disclosed to the following persons:

(a) The Court, including court personnel;

(b) Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings, and proceedings;

(c) Any mediator selected by the parties to this Action or the Court to mediate this Action;

(d) The attorneys of record in this Action, including the respective employees and personnel retained by those attorneys or law firms to whom it is reasonably necessary to disclose the Discovery Material in furtherance of the prosecution or defense of this Action, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

(e) In-house counsel for a party to this Action, including legal assistants and other legal and clerical staff, to whom it is reasonably necessary to disclose the Discovery Material in furtherance of the prosecution or defense of this Action;

(f) Vendors retained to assist in this Action by an attorney described in subparagraph (d) of this Paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential Discovery Material, and provided

further they do not retain any copies of any Confidential Discovery Material;

(g) Authors, originators, or original recipients of the Confidential Discovery Material, as specifically reflected on the face of the Confidential Discovery Material;

(h) Present employees, officers, and directors of the Producing Party of the Confidential Discovery Material;

(i) Other party and potential non-party witnesses, as well as former employees of the party (and any personal counsel of any former employee), to whom disclosure is deemed reasonably necessary for the purpose of and in connection with preparation for a noticed deposition by attorneys of record in this Action, provided the witness (and counsel) signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential Discovery Material, and provided the witness does not retain any copies of any Confidential Discovery Material. In the event a witness refuses to sign the "Acknowledgement and Agreement to be Bound," he/she may be shown Confidential Discovery Material at a deposition only after the following has occurred on the record: (a) the witness states his/her refusal to sign the "Acknowledgement and Agreement to be Bound," (b) the witness is advised that the following Order applies to him/her, and (c) the witness is read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential Discovery Material to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court.";

(j) Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to this Action, provided the experts or consultants sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential Discovery Material;

(k)     Insurers of the Defendants in this Action; and

(l)     Individual parties to this Action, including management representatives of corporate parties.

The "Acknowledgements and Agreements to be Bound" that are required to be signed as provided in this Paragraph and in the succeeding Paragraph shall be retained by counsel for the party disclosing the Confidential Discovery Material and made available for inspection by the Court *in camera,* upon request by any party and a showing of good cause.

12.     Except with the prior written consent of all parties to this Action, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential Discovery Material shall be treated in the same manner as Confidential Discovery Material pursuant to Paragraph 11 above, except that Highly Confidential Discovery Material shall be disclosed only to persons described in categories (a) through (h) and (j) through (k). Persons described in category (i) of Paragraph 11 above may be shown Highly Confidential Discovery Material upon consent of the Producing Party made in writing or on the record during a deposition or other proceeding. If, during the deposition of a former employee, a party is unable to determine whether the former employee was an author, originator, or recipient of Highly Confidential Discovery Material, the party may ask the former employee specific and limited questions about Highly Confidential Discovery Material (without showing the Highly Confidential Discovery Material to the former employee or otherwise making it an exhibit to the deposition) for the sole purpose of determining whether the former employee was an author, originator, or recipient of Highly Confidential Discovery Material. Based on the former employee's responses to those questions, the Parties will then confer on the record and operate in good faith to decide whether the former employee may be shown the Highly Confidential Discovery Material. If the former employee cannot recall if he/she was an author, originator, or recipient of Highly Confidential Discovery

Material, the deposing party may reveal portions of the document that do not disclose the Highly Confidential Discovery Material to refresh the deponent's recollection. If counsel for the former employee allows deposing counsel to show portions of the document to refresh the former employee's recollection, that will not constitute a waiver of the document's Highly Confidential designation. If the Parties do not agree whether the former employee can be shown the Highly Confidential Discovery Material, then the Highly Confidential Discovery Material may not be shown to the former employee during the deposition, and the Parties will attempt to contact the Court to obtain immediate relief. If the parties are unable to reach the Court or obtain a ruling, and the Court later rules that the former employee should have been allowed to review the Highly Confidential Discovery Material, the party objecting to the production will be responsible for any costs that relate specifically to questions about the Highly Confidential Discovery Material in any subsequent deposition. The parties will conduct any subsequent deposition in a reasonable and efficient manner (such as over the phone or by videoconference, if appropriate). No Party waives any confidentiality protections by participating in the process described in this Paragraph.

13.     Any persons receiving Confidential or Highly Confidential Discovery Material shall not reveal the Discovery Material to, or discuss the Discovery Material with, any person who is not entitled under this Order to receive the Discovery Material. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential Discovery Material to a person or counsel to whom disclosure is not authorized under this Order, the inadvertently disclosing party shall (a) provide immediate written notice of the disclosure to the Producing Party, and, if different, to the designating party and the party whose Discovery Material was inadvertently disclosed; (b) use best efforts to retrieve all copies and versions of the inadvertently disclosed Discovery Material; (c) inform the

8

person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request the person(s) to whom unauthorized disclosures were made sign the "Acknowledgement and Agreement to be Bound." If a party or any of its representatives, including counsel, has actual knowledge that Confidential or Highly Confidential Discovery Material is disclosed to a person not authorized to receive that Discovery Material, regardless of how the Discovery Material was disclosed or obtained, the party or its representative shall provide immediate written notice of the unauthorized disclosure to the party or non-party whose Discovery Material was disclosed, as well as all other parties to this Action.

### PROTECTED DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

14. If a court or government agency subpoenas or orders production of Confidential or Highly Confidential Discovery Material from a party to this Action, the party shall promptly (within 48 hours of receipt of any such subpoena or order, or no less than seven days prior to any requested order or production, whichever comes first) notify counsel for the Producing Party of the Discovery Material of the pendency of the subpoena or order and shall furnish counsel with a copy of the subpoena or order. The party receiving the subpoena or order shall also promptly (within 48 hours of receipt of any such subpoena or order, or no less than seven days prior to any requested order or production, whichever comes first) inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Discovery Material covered by the subpoena or order is subject to this Order. The party receiving the subpoena or order shall not produce any Confidential or Highly Confidential Discovery Material if the Producing Party files a motion with this Court or any other court challenging the subpoena, absent a separate court order requiring the production.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

15.     If a party contends that any Discovery Material designated as Confidential or Highly Confidential is not entitled to such treatment, the following procedures apply:

(a)     <u>Challenges</u>.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Any party challenging any confidentiality designation must make specific challenges to specific designations in writing; general objections to categories or production sets shall be insufficient to invoke meet and confer or other obligations under this Order.

(b)     <u>Meet and Confer</u>.  A party that wishes to challenge a confidentiality designation (the "Challenging Party") must do so in good faith and by conferring directly with the party that originally designated the Discovery Material (the "Designating Party").  A request by the Challenging Party to meet and confer must be honored by the Designating Party by scheduling a mutually-agreeable meet and confer within fourteen days of the request being made. In conferring, the Challenging Party must (a) identify the Discovery Material that is subject to the challenge and the basis for its belief that the confidentiality designation was not proper; and (b) give the Designating Party a reasonable opportunity to review the Discovery Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  Unless otherwise agreed, a response to any challenged designation must be received seven days before the meet and confer between counsel.

(c)     <u>Judicial Intervention</u>.  If the parties reach an impasse regarding a challenge to a Confidential or Highly Confidential designation, they should file a joint report explaining the disagreement within ten days after the impasse between the parties.  The parties should file this paper under the CM/ECF event called "Joint Report of Discovery Dispute."  The joint report must not exceed ten pages, excluding the style and signature block, with five pages allotted to each

10

party. The parties should not file a motion asking for more pages, should use double spacing and avoid footnotes, should attach documents (such as disputed written discovery or responses) as needed, and should redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. The parties should file any joint report sufficiently before the discovery cutoff, and alert the Court's law clerk of its filing, so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. Upon receipt of the parties' Joint Report of Discovery Dispute, the Court will rule or schedule a hearing. If a dispute arises during a deposition as to the confidentiality of Discovery Material, the parties should call chambers so this Court can rule during the deposition.

(d) <u>Effect of Challenge</u>. Notwithstanding any challenge to the designation of any Discovery Material as Confidential or Highly Confidential, all Discovery Material shall continue to be treated as it was designated and shall be subject to the provisions hereof unless and until either (a) the Designating Party withdraws or changes the designation in writing; or (b) the Court rules the Discovery Material is not entitled to protection as Confidential or Highly Confidential.

**DURATION**

16. This Court retains jurisdiction to enforce this Order for one year after the conclusion of this Action (including any appellate review). Thereafter, the provisions of this Order shall be solely a matter of contract between the parties and signatories. Upon conclusion of this Action, a party in the possession of Confidential or Highly Confidential Discovery Material disclosed in this Action, other than that which is contained in pleadings, motions, other submissions to the Court, correspondence, and deposition transcripts, shall either: (a) return the Discovery Material no later than sixty days after conclusion of this Action to

counsel for the Producing Party and certify in writing within sixty days that no copies were created by the party returning the Confidential or Highly Confidential Discovery Material, or, if copies were created, they were destroyed; or (b) destroy the Discovery Material upon consent of the Producing Party and certify in writing within sixty days that the Discovery Material has been destroyed.

Notwithstanding anything to the contrary in this Paragraph or this Order, (a) any party in receipt of Confidential Discovery Material produced by any other party or third party shall have no obligation to return or destroy such documents (including copies, extracts and other reproductions) retained in standard archival or computer back-up systems or pursuant to that party's or its representatives' (including vendors, experts, insurers, or in-house counsel) normal file, document database, or e-mail retention practices; and (b) each party or its representatives (including vendors, experts, insurers, or in-house counsel) may retain documents to the extent required by law or by any governmental or regulatory authority. Any Confidential Discovery Material retained by any party or its representatives pursuant to this exception as described in (a) and (b) above shall be maintained as Confidential or Highly Confidential as designated and subject to the terms and conditions of this Order.

### INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED DISCOVERY MATERIAL

17. Nothing herein shall be deemed to waive or limit any applicable privilege or protection or affect the ability of a party to seek relief for an inadvertent disclosure of Discovery Material protected by any privilege or protection. If a Producing Party inadvertently produces Discovery Material that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that Discovery

Material will not be presumed to constitute a waiver of any applicable privileges or protections, provided the Producing Party complies with this Paragraph. In such circumstances, the Producing Party must immediately notify in writing all parties to this Action of the inadvertent production and the basis for the privilege or protection and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected Discovery Material. Upon notification, the parties shall treat the Discovery Material as privileged or protected unless and until the parties agree otherwise or the Court determines the Discovery Material is not privileged or protected. Within fourteen days of receiving the notification, all receiving parties shall (a) return the Discovery Material to the Producing Party; or (b) confirm in writing to the Producing Party the destruction of the Discovery Material, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal Discovery Material claimed to be privileged or protected; or (c) sequester the material and notify the Producing Party in writing of the basis for its disagreement that the Discovery Material is privileged or protected from disclosure. Within seven days of the notification that such inadvertently produced privileged or protected information has been sequestered, returned, or destroyed, the Disclosing Party shall update its privilege log with respect to that Discovery Material or otherwise provide the information regularly provided with a privilege log with respect to that Discovery Material and provide a redacted copy if applicable. If the receiving party disagrees that the Discovery Material is privileged or protected, the receiving party or parties may use the sequestered material in opposing a privilege or protection assertion. Should the parties be unable to agree on whether the Discovery Material is privileged or protected, the Producing Party shall file a motion with the Court within fourteen days of its receipt of notice of disagreement under (c) above, to deem

the Discovery Material privileged or protected and to obtain the return of any copy of the Discovery Material still held by the receiving party.

18.     Nothing in this Order shall alter the applicability or provisions of Federal Rule of Evidence 502.

### FILING PROTECTED DISCOVERY MATERIAL

19.     Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, all Confidential or Highly Confidential Discovery Material filed with the Court shall be filed in redacted form in accordance with Federal Rule of Civil Procedure 5.2, if possible. Specifically, the information listed in Rule 5.2(a) should be redacted so that filings may be made publicly. If a document contains so much Confidential or Highly Confidential Information that filing a redacted version is impossible or impractical, a party must move for permission to file the document (and any related motion, brief, or paper) under seal. The moving party must justify sealing with specifics and solid reasons, including a document-by-document explanation about why redaction cannot be done.

### USING PROTECTED DISCOVERY MATERIAL IN COURT PROCEEDINGS

20.     If any party intends to use any Confidential or Highly Confidential Discovery Material in any public trial or hearing in this Action or any appeal in this Action, the party proposing to use the Discovery Material shall give adequate notice to the Designating Party to permit the Designating Party an opportunity to seek appropriate protection from the Court. "Adequate notice" means at least seven days, unless the proceeding at issue is scheduled by the Court with less than seven days' notice or the party was unaware of its need to use such materials within seven days of the hearing, in which case the party proposing to use the

Discovery Material shall give reasonably practicable notice to the Designating Party. The Court will take reasonable steps to maintain the confidentiality of the Confidential or Highly Confidential Discovery Material, and the Designating Party must apply for an order that the Confidential or Highly Confidential Discovery Material be received in camera or under other less public circumstances to prevent unnecessary disclosure. No Confidential or Highly Confidential Discovery Material shall be used at or for purposes of any trial until the Court issues a separate order concerning the treatment of such material at any trial. Absent any other direction from this Court, all Confidential or Highly Confidential Discovery Material utilized during any public trial or hearing shall not lose its status as such because of its use at any public trial or hearing. After any public hearing or trial, this Court will work with the parties to determine how all Confidential or Highly Confidential Discovery Material should be treated for purposes of the record and otherwise.

## MISCELLANEOUS

21. Nothing in this Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential or Highly Confidential Discovery Material in any way it sees fit for any reason. Any such use or discussion of Confidential or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Order; however, the Producing Party waives the confidentiality protections set forth in this Order if it discloses Confidential or Highly Confidential Discovery Material during a public hearing or proceeding without seeking appropriate protection from the Court.

22. This Order shall become binding on the parties upon the Court's entry of the Order. This Order shall be binding upon any party joined in this Action unless and until this Court, pursuant to a request by a party or on its own accord, orders that the party is not subject to the

terms of this Order. This Order shall be binding upon any non-party in this litigation, unless and until this Court, pursuant to a request by a party or a non-party or on its own accord, orders that a non-party is not subject to the terms of this Order.

23. The provisions of this Order related to deadlines for challenges to confidentiality designations may be modified at any time by written stipulation of the parties, or upon noticed motion by a party to this Action for good cause shown.

24. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any Discovery Material on any ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the Discovery Material covered by this Order.

25. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to or use of particular Discovery Material or to seek modification of this Order upon due notice to all other parties and affected non-parties.

26. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any Discovery Material. Nothing in this Order shall alter any applicable law related to privilege and burden.

SO ORDERED this the 19th day of December, 2022.

_____
D.P. Marshall Jr.
U.S. District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| STANLEY JONES, BLACK SPICE FARMS, INC., BRITT JONES, INC., HOGBACK FARM, INC., J-CO FARMS, NORTH 40 FARMS, INC., S&W FARMS, SIB FARMS, T&W FARMS, and SLOUGH FARMS, INC., individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORTEVA, INC. and CORTEVA AGRISCIENCE LLC,<br><br>Defendants. | Case No.: 3:3:21-cv-237-DPM |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated General Protective Order (the "Order") executed on _____, 2022 in the action entitled *Stanley Jones et al. vs. Corteva, Inc. et al.*, Case No. 3:21-cv-237-DPM (E.D. Ark.) ("Action"). I agree to comply with and to be bound by all the terms of that Order. I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Order to any person or entity, except in strict compliance with the provisions of this Order. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt. For the purpose of enforcing the terms of this Acknowledgement and Agreement to be Bound, I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas, solely with respect to any action to enforce the terms of the Order, even if the enforcement proceedings occur after termination of the Action.

Signature: _____

Name: _____

Date: _____

US.354580639.01

18